```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**AARON B. WRIGHT,**

                       **Petitioner,**

        v.                                CASE NO. 02-3290-SAC

**DAVID R. McKUNE, et al.,**

                       **Respondents.**

## O R D E R

This matter is before the court on petitioner's motion for relief from judgment filed pursuant to Rule 60, Fed. R. Civ. P. (Doc. 22) and his memorandum in support of that motion (Doc. 23) filed on July 18, 2005.

The court dismissed this habeas corpus action without prejudice by an order entered on March 10, 2004 (Doc. 20), finding that petitioner had failed to exhaust state court remedies. Petitioner did not appeal.

Rule 60(b) allows the court to grant relief from a final judgment for a number of reasons, including error, newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or discharged.

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." <u>Van Skiver v. United States</u>,

952 F.2d 1241, 1243 (10th Cir. 1991). A motion under Rule 60(b) should not be used to reargue the merits of the matter, to advance new arguments which could have been presented earlier, or as a substitute for appeal. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

Petitioner does not challenge the court's finding that he failed to exhaust state court remedies. Instead, he argues that the respondents waived this defense because the state court criminal proceedings against him were procedurally defective. The court interprets petitioner's claim to specifically allege that the prosecution failed to file an indictment or information following his preliminary hearing and that the magistrate judge did not formally arraign him (Doc. 23, p. 1).

The original petition in this matter alleged that the state district court erred in failing to provide a transcript of the preliminary hearing, and that this failure prejudiced the petitioner at trial and on appeal. However, that claim was not exhausted, and the court therefore dismissed the petition.

"[F]ederal habeas review of ... claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Lepiscopo v. Tansy, 38 F.3d 1128, 1130 (10th Cir. 1994) (quoting Coleman v. Thompson, 501

U.S. 722, 750 (1991)).  Petitioner has made no showing of any cause for his failure to exhaust state court remedies, and his default may be excused only if he demonstrates that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).  There has been no such showing, nor has petitioner offered any legal authority for his claim that respondents somehow "waived their jurisdiction to exhaustion remedy rights." (Doc. 22, p. 1.)  The court concludes the motion for relief from judgment must be denied.

   IT IS THEREFORE ORDERED the motion for relief from judgment (Doc. 22) is denied.

   Copies of this order shall be transmitted to the parties.

   **IT IS SO ORDERED.**

   DATED:  This 1st day of September, 2005, at Topeka, Kansas.


                           S/ Sam A. Crow
                           SAM A. CROW
                           U.S. Senior District Judge